IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

UNITED STATES OF AMERICA   *
                           *
        v.                 *    CR 592-029
                           *
WILLIE NORTON              *

O R D E R

In 1993, this Court sentenced Defendant Willie Norton to serve life plus forty-five years in prison following his conviction at trial for conspiracy, use of a firearm, use of a firearm during a drug trafficking offense or crime of violence, violation of the Travel Act, and conspiracy to commit a violent crime. Norton recently filed a "Request for Consideration of Holloway Doctrine Application." The Government opposes the motion.

Here, Norton seizes upon what he perceives as an opportunity to reduce his sentence based upon a decision out of the Eastern District of New York, United States v. Holloway, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). In the Holloway case, the United States Attorney for the Eastern District of New York, upon the entreaty of the sentencing judge, vacated two of Holloway's three 18 U.S.C. § 924(c) convictions because the resulting sentence was unjustly severe. Id. at 314-15. The United States Attorney also noted Holloway's "extraordinary" record while in the custody of the Bureau of

Prisons. Id. at 315. Importantly, the Holloway court observed that its decision was not a threat to the rule of finality: "There are no floodgates to worry about; the authority exercised in this case will be used only as often as the Department of Justice itself chooses to exercise it, which will no doubt be sparingly." Id. at 316.

Finality of criminal sentences is a hallmark principle of our judicial system. See Johnson v. United States, 544 U.S. 295, 309 (2005) ("[T]he United States has an interest in the finality of sentences imposed by its own courts."); Teague v. Lane, 489 U.S. 288, 309 (1989) ("Without finality, the criminal law is deprived of much of its deterrent effect.") This Court cannot reduce a sentence once it has been imposed except under three limited exceptions, none of which apply here. See 18 U.S.C. § 3582(c)(2). This Court has no other broad inherent or residual power to reduce sentences. United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010) ("The authority of a district court to modify an imprisonment sentence is narrowly limited by statute."). Even the Holloway court recognized that there were "no legal avenues or bases for vacating" Holloway's sentence. 68 F. Supp. 3d at 314. Rather, the sentence reduction in Holloway depended entirely upon the acquiescence of the Government, i.e, by and through the prosecutorial prerogative of the Department of Justice.

In the case at bar, the Government has made clear that it

2

is unwilling to consent to any relief for Willie Norton.[1] Without the Government's involvement, Holloway has no application here. Further, the Court is constrained to note that Holloway is a district court decision and has no binding effect on this Court. Nor did Holloway create an actionable new right under federal law. The Eleventh Circuit has not even addressed the so-called Holloway Doctrine. Simply put, Holloway in no way controls this Court's ability or inclination to reduce Norton's sentence. Accord United States v. Horton, No. 2:12-CR-00007-F1, 2016 U.S. Dist. LEXIS 78611 (E.D.N.C. June 16, 2016) (observing that the Holloway Doctrine is not so much a doctrine as it is "a single case carrying no precedential weight in this court").

Upon the foregoing, Norton's "Request for Consideration of Holloway Doctrine Application" (doc. 1152) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 14th day of June, 2018.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court notes that Norton attached a copy of a letter he sent to Assistant United States Attorney R. Brian Tanner asking him to intercede on his behalf. (Doc. 1152, First Attachment.) This same AUSA filed the response in opposition to Norton's motion, stating, "The government does not consent to any such relief in Norton's case." (Doc. 1153, at 2.)

3