## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

WILLIE NORTON,

      Movant,

  v.

UNITED STATES OF AMERICA,

      Respondent.

CIVIL ACTION NO.: 5:19-cv-102

(Case No.: 5:92-cr-29)

### O R D E R

The Magistrate Judge issued a Report recommending the Court grant Movant Willie Norton's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct his Sentence and vacate his two consecutive 20-year sentences.  Doc. 32.  The Magistrate Judge found Norton's two 18 U.S.C. § 924(c) convictions could no longer stand because Counts 5 and 8—which are based on Counts 4 and 6 of the indictment, respectively—cannot constitute predicate "crimes of violence" under § 924(c)(3).  Id. at 3–21.  The Government filed Objections, arguing: (1) the Magistrate Judge erroneously concluded Norton met his burden under the Hammoud and Beeman cases; and (2) the Magistrate Judge failed to apply, or correctly apply, the harmless-error standard to Norton's challenge to his Count 5 conviction.  Doc. 35.  Norton filed a Response.  Doc. 36.

For the reasons set forth below, the Government's Objections are **OVERRULED**.  The Court **CONCURS** with and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court.  The Court **GRANTS** Norton's 28 U.S.C. § 2255 Motion and **VACATES** his convictions under Counts 5 and 8 of the indictment.

## BACKGROUND[1]

Norton was convicted after a jury trial in 1993 on eight separate counts. Doc. 22-1. As relevant here, Norton was convicted of: assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(3) (Count 4); aiding another in using or carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(3) (Counts 5 and 8); and conspiracy to commit assault with a dangerous weapon, in violation of 18 U.S.C. § 1959(a)(6) (Count 6). Doc. 1-3 at 5. The Honorable Anthony A. Alaimo sentenced Norton to life imprisonment plus 45 years' imprisonment, to be served consecutively to his life sentence.[2] Doc. 5 at 5. Norton's life sentence was later reduced to 360 months' imprisonment, and his 45-year consecutive sentences remained intact. Id. Norton's two 20-year consecutive sentences for Counts 5 and 8 are based on his convictions under Count 4 and Count 6, respectively. Id.

Norton filed the instant § 2255 Motion as his authorized successive motion to challenge his two 20-year consecutive sentences for Counts 5 and 8. In making the determination Norton could file a successive § 2255 motion, the Eleventh Circuit Court of Appeals determined he made a prima facie showing to relief under United States v. Davis, 139 S. Ct. 2319 (2019), in which the United States Supreme Court declared the residual clause of § 924(c)(3)(B) unconstitutionally vague. Doc. 1-3 at 6, 7. After considering the parties' filings and the entire record, the Magistrate Judge recommended the Court grant Norton's § 2255 Motion and vacate his convictions under

---

[1]     A more thorough background can be found in the Magistrate Judge's Report and Recommendation, doc. 32, Norton's criminal case, Case Number 5:92-cr-29, and in the direct appeal, United States v. Reese, 67 F.3d 902 (11th Cir. 1995).

[2]     Norton's 45-year consecutive sentences are comprised of two 20-year sentences for both Counts 5 and 8 (aiding another in using or carrying a firearm during a crime of violence) and a five-year sentence on Count 2 (using or carrying a firearm during a drug trafficking offense). Doc. 5 at 5. Norton does not raise any challenge to his five-year consecutive sentence for Count 2.

Counts 5 and 8 of the indictment. Doc. 32. The Government filed Objections, and Norton filed a Response. Docs. 35, 36.

## DISCUSSION

I.   **Application of <u>Hammoud</u>/<u>Beeman</u>**

In its Objections, the Government first argues the Magistrate Judge did not correctly apply the standard set forth in <u>In re Hammoud</u>, 931 F.3d 1032 (11th Cir. 2019), and <u>Beeman v. United States</u>, 871 F.3d 1215 (11th Cir. 2017) ("<u>Hammoud</u>/<u>Beeman</u>"). Doc. 35 at 3. The Government states Norton was authorized to bring a claim under <u>Davis</u> and he has the burden under <u>Hammoud</u>/<u>Beeman</u> to demonstrate his § 924(c) conviction rested solely on the residual clause. <u>Id.</u> The Government states the Magistrate Judge relied on the "legal principles" prong of <u>Hammoud</u>/<u>Beeman</u> but argues "legal principles" is not an appropriate alternative method for assessing whether Norton met his burden. <u>Id.</u> at 4, 7. The Government also argues the Magistrate Judge misread the jury instructions as to the "historical facts" alternative finding. <u>Id.</u>

In the Report, the Magistrate Judge cited to and applied <u>Alvarado-Linares v. United States</u>, 44 F.4th 1334 (11th Cir. 2022). In <u>Alvarado-Linares</u>, the Eleventh Circuit granted a certificate of appealability on whether the § 2255 movant's § 924(c) convictions were unconstitutional in light of <u>Davis</u>. <u>Id.</u> at 1334. In its discussion of the <u>Hammoud</u>/<u>Beeman</u> burden, the <u>Alvarado-Linares</u> court noted, to prove his claims, the movant had to show his § 924(c) convictions were based on the now-unconstitutional residual clause, either by a "'finding of historical fact'" or "'by reference to legal principles alone'. . . ." <u>Id.</u> at 1341 (quoting <u>Williams v. United States</u>, 985 F.3d 813, 816 (11th Cir. 2021)). The court stated the parties agreed the answer "turns on legal principles alone," with the government arguing the movant's convictions for VICAR (Violent Crime in Aid of Racketeering) murder and attempted murder are crimes of violence under the elements clause of § 924(c) and the residual clause played no role in his convictions, while the movant argued the

opposite.  Id.  After concluding the movant met his burden, the court applied the modified

categorical approach and determined, under Georgia law, attempted murder and murder are crimes

of violence under § 924(c)'s elements clause.  Id. at 1345–47.[3]  Thus, the movant's § 924(c)

convictions predicated on VICAR attempted murder and murder were still valid.  Id. at 1348.  To

be clear, each § 924(c) conviction in Alvarado-Linares was based on a single predicate offense,

and the court determined each of the predicate offenses qualified as a crime of violence under

§ 924(c)'s elements clause; thus, Alvarado-Linares' two § 924(c) convictions were still valid in

Davis' wake.

   Although Norton's predicate offense and the predicate offenses in Alvarado-Linares are

different, the procedural posture and circumstances of the two cases are largely the same.  The

Magistrate Judge noted this in his Report and, accordingly, applied the analytical framework in

Alvarado-Linares to the facts of this case.  The Government objects to the Magistrate Judge's

analysis but essentially ignores the Eleventh Circuit's decision in Alvarado-Linares.  It appears the

Government's disagreement is with Eleventh Circuit's analysis in Alvarado-Linares and not the

Magistrate Judge's application of that analysis here.  Regardless, Alvarado-Linares is controlling

precedent, and the Magistrate Judge applied it appropriately to this case.

   Specifically, the Magistrate Judge noted, under Davis, this Court has to determine whether

Norton's § 924(c) convictions could stand and, to do so, the Court must determine whether the

offenses for the § 924(c) convictions were qualifying predicate offenses, i.e., whether the predicate

offenses were "crimes of violence" under the elements clause of § 924(c)(3).  Doc. 32 at 4–5.

---

[3]      The Alvarado-Linares court distinguished the circumstances before it from other cases, such as
Williams v. United States.  44 F.4th at 1341.  That court noted the government and Alvarado-Linares did
not "distinguish between the state of the law at the time of the conviction and the state of the law today."
Id.  Thus, the court considered "legal principles alone" to determine whether Alvarado-Linares' convictions
supporting his § 924(c) convictions satisfied the elements clause.  Id. at 1341–42.  The same circumstances
are present here.

Norton's Count 8 § 924(c) conviction is predicated on his Count 6 conviction, which is a conspiracy to commit a VICAR offense. The Government conceded Norton's conviction on Count 6 is not a crime of violence under § 924(c) and, thus, his conviction on Count 8, which was solely based on Count 6, could not stand. Id. at 6 (referencing Doc. 5 at 1–2, 8–10). As the Magistrate Judge noted, a "bizarre result" would be reached if the Court engaged in the typical Hammoud/Beeman analysis because it would be immaterial whether the jury relied on any or all definitional clauses of § 924(c) because there is no dispute that the sole, underlying offense for the Count 8 § 924(c) conviction is not a qualifying predicate offense. Id. at 7. Nevertheless, the Magistrate Judge concluded Norton met whatever burden he had under Hammoud/Beeman as to his challenge to Count 8. Id. at 8. The Government has not shown this analysis or conclusion was incorrect.

As for Norton's § 924(c) conviction under Count 5, the Magistrate Judge found Norton met any Hammoud/Beeman burden he may have had because, as a matter of legal principles alone, it had to be determined whether Count 4—the VICAR offense used to support Norton's Count 5 § 924(c) conviction—is a valid predicate offense. Doc. 32 at 10. The Magistrate Judge also determined, in the alternative, if Norton were required to show it was more likely than not the jury relied on the residual clause to convict on Count 5 as a "historical fact," he did so. Id. The Magistrate Judge scrutinized the Court's jury instructions—the documents that provided the primary, if not sole, indications of the jury's determinations. Id. at 10–12. The Magistrate Judge concluded the jury more likely than not relied on § 924(c)'s now-invalid residual clause to convict Norton on Count 5 because the Court's definition of "crime of violence" tracked the residual clause's language (defining a "crime of violence" under § 924(c)(3)(B) as a felony offense involving "a substantial risk that physical force against the person or property may be used in the course of committing the offense."). Id. at 12. In so doing, the Magistrate Judge analyzed Norton's

burden under Hammoud/Beeman and also followed the Eleventh Circuit's remand instructions in light of Davis. See Doc. 1-3 at 6, 7–8.

In its Objections, the Government argues the Magistrate Judge misread the jury instructions and, as a result, incorrectly concluded Norton met his Hammoud/Beeman on Count 5 as a historical fact. Doc. 35 at 7–13. The Government's Objections are unconvincing. When engaging in the historical-fact inquiry, the Magistrate Judge focused on the Court's definition of "crime of violence" in the jury instructions regarding Count 5 and explained the instruction directly tracked the now-invalid residual clause. Doc. 32 at 10–12. The Government insists the Magistrate Judge disregarded an earlier definition in the jury instruction (which the Government refers to as the "first paragraph" definition in its brief) that tracked the residual clause, but this is incorrect.[4] The Magistrate Judge acknowledged and considered the earlier definition but concluded any ambiguity created by that earlier definition did not undermine Norton's showing. Doc. 32 at 12. The Court concurs with the Magistrate Judge's analysis. While the earlier definition did create some ambiguity, that ambiguity was overwhelmed by the clarity in the next definition. In the later definition, the trial court made it clear to the jury it should apply the "residual clause" definition when considering whether Count 4 constituted a "crime of violence" for the purposes of Count 5.

---

[4]      The Government states the jury instructions contain two definitions of "crime of violence" (which the Government refers to as the "first paragraph" definition and the "second paragraph" definition on pages 17–18 of the instructions transcript), and it contends both of those definitions were provided "regarding all of the § 924(c) counts[.]" Doc. 35 at 7. The Government argues the Magistrate Judge erred by "mistakenly [attributing] the first paragraph regarding the definition of crime of violence as part of the jury instructions for Count 4, the VICAR count." Id. at 8. The Government overstates the clarity of the "first paragraph" definition in the jury instructions and any purported error by the Magistrate Judge. The "first paragraph" definition starts with the words: "[a]s you were instructed with regard to Counts Four and Six, one of the things the government must prove in order to establish that offense . . . ." The Government states it is clear "that offense" in the "first paragraph" definition means all of the § 924(c) offenses and not the VICAR offenses in Counts Four and Six. It is by no means "clear" this definition was given for all of the § 924(c) offenses. Consequently, the Government has not shown the Magistrate Judge erred in suggesting the "first paragraph" definition concerned Counts 4 and 6. More importantly, after conducting an independent and de novo review, I conclude Norton has shown as a historical fact that, based on these instructions, his Count 5 conviction was more likely than not a result of the unconstitutional residual clause's application, given the clear and decisive language in the "second paragraph" definition.

Doc. 5-3 at 17–18. The Government's dissatisfaction with the Magistrate Judge's analysis of the jury instructions and his resulting conclusion is unconvincing and contrary to the record before the Court.

## II.    Count 5 Harmless Error[5]

Aside from its arguments concerning the Hammoud/Beeman burden, the Government also argues the Magistrate Judge failed to apply the harmless-error standard to Norton's challenge to Count 5 or applied that standard incorrectly. Doc. 35 at 19–25. The Government's argument fails because the Magistrate Judge correctly determined there was no need to engage in harmless-error analysis in these circumstances.[6]  Doc. 32 at 8 n.7.

The Government relies on Granda v. United States, 990 F.3d 1272 (11th Cir. 2021). In Granda, the Eleventh Circuit considered a Davis claim where the movant's § 924 firearm-possession conviction was based on multiple "inextricably intertwined" predicate offenses—one invalid and several valid. Id. at 1293. The court concluded, based on the facts of that case, any error the trial court made in instructing the jury on the invalid predicate offense was harmless because there was "little doubt" if the jury found the movant possessed the firearm in furtherance of the invalid predicate offense, the jury also found the movant possessed the firearm in furtherance of the valid predicate offenses. Id.

The Government argues the Court must engage in harmless-error analysis here based on Granda, but it overlooks a fundamental difference between this case and that one. Norton's Count

---

[5]    The Government only raises concerns about the harmless error analysis related to Count 5. The Government concedes if Norton satisfied his Hammoud/Beeman burden as to Count 8, the conviction on that count should be vacated. Doc. 35 at 25–26.

[6]    In footnote 7 of the Report, the Magistrate Judge explained the Court need not engage in the harmless-error analysis set forth in Granda v. United States, 990 F.3d 1272 (11th Cir. 2021). Doc. 32 at 8. In that portion of the Report, the Magistrate Judge was examining Norton's challenge to the Count 8 conviction. The reasoning set forth in footnote 7 of the Report plainly applies with equal force to Norton's challenge to the Count 5 conviction.

5 § 924(c) conviction was based on only one predicate offense—the VICAR offense charged in Count 4. Doc. 22-1 at 8. The movant's § 924(o) conviction in <u>Granda</u> was based on numerous predicate offenses (identified in that case as counts 1, 2, 3, 4, and 5), all of which were "inextricably intertwined" with each other. Because the valid predicate offenses in <u>Granda</u> would have inevitably supported the § 924(o) conviction, the mere presence of the one invalid predicate offense was harmless. Norton's circumstances are different. For Norton, the sole predicate offense in Count 4 either is or is not a valid predicate offense for Count 5. Therefore, it is unnecessary to conduct the harmless-error analysis set forth in <u>Granda</u>.[7] Because Norton's Count 5 conviction was supported by only one predicate offense, if that predicate offense was not valid, the Count 5 conviction is the very definition of "harmful."

The Government cites several cases in its Objections, but those cases only reinforce the Court's conclusion. In many of those cases, the defendants' § 924 convictions were based on a combination of valid and invalid qualifying predicates, and the courts determined the defendants could not meet the harmless-error standard because it could not be determined whether the § 924(c) convictions were based solely on invalid predicate offenses. See, e.g., <u>Horne v. United States</u>, No. 20-14503, 2022 WL 656097, at *3 (11th Cir. Mar. 4, 2022) (finding movant did not meet his burden of showing the § 924(c) verdict rested solely on conspiracy to commit Hobbs Act robbery and not other valid offenses identified in indictment and charged in instructions); <u>Martin v. United States</u>, 852 F. App'x 485, 489 (11th Cir. 2021) (finding no <u>Davis</u> error where § 924(c) conviction predicated on invalid Hobbs Act conspiracy charge or either one of movant's still-valid trafficking offenses); <u>Calderon v. United States</u>, 811 F. App'x 511, 516–17 (11th Cir. 2020) (denying <u>Davis</u>-

---

[7]      While <u>Granda</u> is distinguishable, <u>Alvarado-Linares</u> is not. <u>Alvarado-Linares</u> contains no mention of <u>Brecht</u> or the harmless-error standard.

based claim where the § 924(c) conviction was based on a non-qualifying Hobbs Act conspiracy and a valid, elements-clause-based crime of violence for the Hobbs Act robbery).

In support of this objection, the Government suggests the Magistrate Judge erred by applying the "least of the acts criminalized" standard when determining whether Count 4 was a valid predicate offense for Count 5. The Government asserts application of the least of the acts criminalized" standard "does not appear consistent with Brecht[ v. Abrahamson, 507 U.S. 619 (1993)] harmless error analysis." Doc. 35 at 21. The Government's argument misapprehends an important distinction between applying the modified categorical approach to determine whether an offense qualifies as a valid predicate offense under § 924(c)'s elements clause and applying harmless-error analysis where there are multiple, intertwined predicate offenses.[8] This distinction was highlighted in Granda.

In Granda, the Eleventh Circuit rejected the movant's attempts to blur the distinctions between these two standards, explaining the least of the acts criminalized" standard is appropriate in the categorical approach as a "method for determining whether a conviction under a particular statute qualifies as a predicate offense under a particular definitional clause," and that it should not be extended to the harmless error inquiry, which is employed when "determining on which of several alternative predicates a jury's general verdict is relied." Granda, 990 F.3d at 1295. Here, the Court must determine whether Norton's conviction under a particular statute (i.e., VICAR in Count 4) qualifies as a predicate offense under a particular definitional clause (i.e., the elements

---

[8]      The Government states, "Assuming Norton could meet his burden as to Count 5, demonstrating it was more likely than not that the jury found Counts 4 and 6 [sic] were crimes of violence solely under the residual clause, then the next step is [to] consider whether the error was harmless." Doc. 35 at 19. The Government is incorrect. In these circumstances, once Norton meets his Hammoud/Beeman burden, the next step is to determine whether Norton's Count 4 VICAR conviction qualifies as a predicate offense under § 924(c)'s element's clause, which requires using the modified categorical approach.

clause of § 924(c)).  As the <u>Granda</u> court explained, when conducting that analysis, it is appropriate to consider the "least of the acts criminalized" under that "particular statute."  <u>Id.</u>

Binding precedent requires the Court to apply the modified categorical approach to determine whether Norton's Count 4 conviction could still qualify under the valid elements clause under Georgia law as a predicate offense to support the Count 5 conviction.  <u>Id.</u> at 13–15.  The Magistrate Judge applied the correct standard and rightly concluded Norton's VICAR conviction in Count 4, based on Georgia aggravated assault, is not a crime of violence.  <u>Id.</u> at 15–19. Therefore, Norton's § 924(c) Count 5 conviction cannot stand.  The Government's Objections to the contrary are overruled.

## CONCLUSION

Based on an independent and de novo review of the entire record, including the parties' post-Report and Recommendation submissions, the Court **OVERRULES** the Government's Objections and **CONCURS** with and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court.  Thus, the Court **GRANTS** Norton's 28 U.S.C. § 2255 Motion and **VACATES** Norton's convictions under Counts 5 and 8 of the indictment and their 20-year, consecutive sentences.  Norton's sentences are now 360 months' imprisonment, plus a mandatory 60 months' imprisonment, for a total of 420 months' imprisonment on Norton's remaining, still-valid convictions.

**SO ORDERED**, this _16th_ day of December, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA